## LOTHROP v. BENNET.

ERROR from a decree in chancery.  Bennet brought his petition to the Court of Common Pleas, sitting as a Court of Chancery, stating — That in June, 1764, said Lothrop recovered a judgment against him for £24 18s. 11d. had execution granted thereon, and delivered to Jabez Huntington (since deceased) who, at that time, and until the year 1774, was a deputy sheriff for the county of Windham:  That before the 23d day of February, A. D. 1765, the petitioner paid the sum of £15 3s. 8d. to said Lothrop, on account of said judgment, by collections upon a note (the property of the petitioner) against Absalom Kingsbury, which Lothrop received, by agreement with the petitioner, to be applied in part payment of said judgment:  That the petitioner, trusting to the integrity of Lothrop, relied wholly on him to indorse said sum on the execution, according to agreement, which he did not do; however, he informed Huntington, the deputy sheriff, of the matter, in consequence whereof, the execution remained in the hands of Huntington until his death, which happened in the year 1782.

That the petitioner made other payments on the execution (the last in April, 1771) amounting to £11 2s. 9d. which was indorsed by Huntington, and verbally acknowledged by him, to be in full of said execution and officer's fees; and he retained it in his hands, that Lothrop might indorse the first-mentioned payment, in full satisfaction and discharge:  That Nathaniel Wales, Esq. late of Windham, deceased, was well acquainted with all the aforesaid transactions, payments, and agreements.  After the death of said Huntington, Lothrop

obtained the possession of said execution, which he held, without mention thereof, till after the death of said Wales (which happened in the month of October, 1783) — That Lothrop then prayed out an *alias* execution, to collect said sum of £15 3s. 8d. not indorsed upon said former execution; which *alias* execution he delivered to a deputy sheriff, and the same was levied upon the personal estate of the petitioner; and the petitioner gave a receipt for the redelivery at the time and place of sale: But the petitioner, knowing he had once fully satisfied said execution, did not redeliver said estate at the time of sale; and the sheriff hath commenced a suit on his receipt, which is now pending.

The prayer of the petition was for relief against the suit of the sheriff; and also, against any future proceedings on said execution.

The respondent answered — That the petition ought to be dismissed; because, from the facts stated, the petitioner has ample remedy at law.

The answer was adjudged insufficient — and a decree passed, that Lothrop should indorse said execution fully satisfied; and that the receipt given by Bennet, to the deputy sheriff, for the goods taken in execution (on which receipt a suit was pending) be delivered to Bennet, under the penalty of £30; and that the *alias* execution, and all proceedings thereon, be vacated and void.

The principal exceptions taken to this decree, were,

1. That it requires what is impossible for the respondent to perform.

2. That it subjects the deputy sheriff to disadvantage, who was a stranger to the petition, and had no day in court to be heard.

3. That the case stated in the petition is open to a complete remedy at law.

And the decree was reversed.   For,

By the whole Court.   Chancery, by the statute of this state, can interpose only where adequate remedy cannot be had at law:   Here remedy at law might have been had, for aught which appears from the stating, either as to the facts to be proved, or the manner of proving them.   Action of account would have lain for the money collected by Lothrop, and not applied; or the execution might have been relieved against, by *audita quaerela,* and as well after its levy was begun as before.

2. The decree is contrary to the course of chancery proceedings, and manifestly unreasonable:   It did not leave it optional with the petitionee to forego the legal advantage of his judgment and execution, or pay the penalty; but it made void the execution, and all proceedings thereon, and left him to pay the penalty of £30 besides, unless he should get up the petitioner's receipt out of the officer's hands, which he had no power to do, and the doing of which, as the other parts of the decree were, was of no consequence to the petitioner.